PARSONS v. NEW HOME SEWING MACH. CO. et al.

(Circuit Court, N. D. Illinois, N. D. October 21, 1903.)

No. 25,647.

1. PATENTS—CONSTRUCTION OF CLAIMS—LIMITATION BY PRIOR ART.

A prior patent, although not pleaded as an anticipation, may be shown and considered on the question of infringement as a part of the prior art to limit the claims of the patent in suit.

2. SAME—INFRINGEMENT—SEWING MACHINE RUFFLERS.

The Parsons patent, No. 354,577, for a sewing machine ruffler, construed as to claims 2, 7, and 8, and held valid, but, as limited by the prior art, not infringed.

In Equity. Suit for infringement of letters patent No. 354,577, for a ruffling attachment for sewing machines, granted to Winslow R. Parsons December 21, 1886. On final hearing.

Elliott & Hopkins, for complainants.

John W. Munday and Henry Love Clark, for defendant.

KOHLSAAT, District Judge. Complainant files his bill to restrain defendants from infringing claims 2, 7, and 8 of patent No. 354,577, which read as follows, viz.:

"(2) The combination, in a sewing machine ruffler having a reciprocating ruffling-blade, of the customary frame-piece having an upright portion, a main lever to engage with the needle-screw, embracing one side of said upright, a swinging arm to carry said blade, embracing the other side of said upright, and a pivotal rivet, the respective ends of which pivot said lever and said arm at the upper end of said upright, as herein specified, for the purpose set forth."

"(7) In a sewing machine ruffler, a separating blade holder having an upright portion provided with a pair of horizontal slots, each having an open end, in combination with a frame-piece having a stud and a stud-screw fitted to said slots, and a thumb-nut permanently applied to said screw, as herein specified, for the purposes set forth."

"(8) In a sewing machine ruffler having a reciprocating ruffling-blade and an under blade or separator, a series of cloth-guides, including a guide slot or passage closed at both ends and crossing the path to the needle, for automatically guiding a piping cut and folded to fit the same, said guides being formed in stationary parts, and located wholly in front of the presser-foot, so as to be supplemented by the blades, substantially as herein specified, for the purposes set forth."

The only infringement insisted on as to claim 2 consists in placing the needle-screw lever and the swinging arm, which carries the reciprocating ruffling-blade, on opposite sides of the upright part of the frame-piece, and pivoting the same at the upper end of said upright part. There is some justification in the record for the allegation that in this manner several advantages are attained, among them the minimizing of friction and of irregularity of action between the two moving arms. An exactly similar arrangement of those two arms is shown in the Sieven & Hildebrand patent, No. 152,254, granted June 23, 1874. This patent was not set up in defendants' answer, but is in evidence, and may be considered as bearing upon the state of the prior art for the purpose of construing complainant's claims, though not to

¶ 1. See Patents, vol. 38, Cent. Dig. § 542.

invalidate them on the ground of want of novelty. Eauchus v. Broom-all, 115 U. S. 429–434, 6 Sup. Ct. 229, 29 L. Ed. 419, and other cases cited on page 10 of defendants' brief. The mechanism of the device manufactured under the last-named patent is essentially different from that of complainant, but it establishes the fact that the arrangement of the lever and arm, in the patent sued on, with reference to each other and the upright portion of the frame-piece, is old in the art. It further appears that in the patent issued to A. L. Smith, numbered 266,554, the swinging arm is made to carry the ruffling or shirring blade just as in complainant's device; i. e., the blade is rigidly attached to the arm, which thereby not only carries it, but firmly directs its course, so that it requires no additional guide. The lever and the arm of this patent, however, are pivoted on the same side of the upright portion of the frame-piece. This patent and several others, showing the device to be well-known in the prior art, are set up in the defendants' answer. Thus it is evident that claim 2 of complainant's patent depends for its patentability upon the combination set out, and, in view of the evidence, I am of the opinion that said claim, properly construed in the light of the prior art, is valid. Applying the same test to defendants' device, we find that it is in all respects identical with that of complainant's, provided it carries the ruffling-blade.

While, as above stated, complainant's blade is rigidly affixed to the swinging arm, and consequently rigidly moved and directed, defendants' ruffling-blade, as exhibited in complainant's exhibits defendants' rufflers Nos. 1, 2, 3, and 5, is an integral part of the guide; that is, the blade and the guide constitute one rigid device, which is pivotally attached to the swinging arm. Defendants' ruffler No. 4 might be said to be pivoted to the swinging arm and to carry the stud of a guide, one end of which is rigidly attached to the frame-piece, though defendants insist it, too, is supported by an extension or arm of the guide. However that may be, can it be said of defendants' rufflers that any of the ruffling-blades thereof in evidence are carried by the swinging arm? The term "carried" of complainant's patent signifies both the actuating and guiding of the blade. In defendants' rufflers, aside from the fact that the blade may be said to be attached to the guide, and not to the swinging arm, the blade is only advanced and withdrawn reciprocally by the arm. It is not directed in any sense thereby. It lacks entirely a vital element necessarily implied in the word "carried" as employed in complainant's claim 2. In view, therefore, of this fact, and of the construction to be given complainant's patent in view of the prior art, I am of the opinion that defendants' combination does not infringe said claim 2.

Claim 7 of the patent in suit covers a device for attaching, detaching, and adjusting a separating blade. It consists of a blade holder having an upright portion provided with a pair of horizontal slots, each having an open end, in combination with a frame-piece having a stud and a stud-screw fitted to said slots, and a thumb-nut permanently applied to said screws. Defendants' device has only one open slot. It has no thumb-nut. It has no horizontal slots, whereby it can be longitudinally adjusted. It is clear as daylight that it was not intended to be so adjusted. It requires a screw driver to put it in and out of posi-

tion.   To my mind it lacks every feature of complainant's device, so far as claimed to be patentable, and therefore does not infringe said claim 7.

Claim 8 pertains to a series of cloth-guides, including one closed at both ends.   It calls for a reciprocating ruffler-blade and an under blade or separator.   By its terms the result attained is the product of the ruffler elements and the separator.   It appears from the drawings of the patent in suit, figure 4, that the closed cloth-guide is located in the separator or shirring plate or blade, and not in the ruffler proper. In defendants' device the closed slot is above the ruffling-blade, and located near the upper part of the ruffler frame, and not at all related to the separator holder, thus lacking one of the essential co-operating elements of complainant's patent.   In arriving at this conclusion I have followed the drawings of the patent in suit, rather than complainant's exemplifications of his patent in evidence.   In view, therefore, of the foregoing, I am of the opinion that defendants' device does not infringe said claim 8.

The record and briefs go at length into certain alleged inventions and dates, which have made the case tedious, and which involve the relative veracity of the witnesses.   In view of the fact that I find no infringement as aforesaid, it becomes unnecessary to determine who has told the truth (an undertaking which must be, in the absence of the observation of the witnesses, their manner of testifying, and the other tests of a personal examination, calculated to aid a court in deciding where the truth lies, a most unsatisfactory task).

The bill is dismissed for want of equity.